# United States Court of Appeals
# for the Fifth Circuit

_____

No. 22-30794
Summary Calendar
_____

United States of America,

Plaintiff—Appellee,

*versus*

Devin Weaver,

Defendant—Appellant.

United States Court of Appeals
Fifth Circuit

**FILED**
February 14, 2024

Lyle W. Cayce
Clerk

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:19-CR-244-1

_____

Before Higginbotham, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Following a jury trial, Devin Weaver was convicted of carjacking and aiding and abetting a carjacking, in violation of 18 U.S.C. §§ 2119 and 2; brandishing and using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c); and being a felon in possession of a firearm,

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.4.

in violation of 18 U.S.C. § 922(g).  He was sentenced to 168 months of imprisonment, followed by a three-year term of supervised release.

On appeal, Weaver challenges the sufficiency of the evidence to support his convictions, urging that there was no physical evidence or identification testimony connecting him to the offense or the weapon found. He also complains that his convictions rest solely on the uncorroborated testimony of his codefendant brother, Tommie Mango, whom he asserts was the lone perpetrator of the offense.[1]

We review the district court's denial of Weaver's post-verdict motion for a judgment of acquittal *de novo* and consider whether a reasonable jury could have found that the evidence established his guilt beyond a reasonable doubt.  *United States v. Barnes*, 803 F.3d 209, 215 (5th Cir. 2015).  Our review "is highly deferential to the jury's verdict, so the jury's verdict will be affirmed unless no rational jury, viewing the evidence in the light most favorable to the prosecution, could have found the essential elements of the offense to be satisfied beyond a reasonable doubt."  *United States v. Harris*, 960 F.3d 689, 693 (5th Cir. 2020) (quotation marks and citation omitted).

To convict Weaver of carjacking under Section 2119, "the [G]overnment must prove that: [he], (1) while possessing a firearm, (2) took from the person or presence of another (3) by force and violence or intimidation (4) a motor vehicle which had moved in interstate or foreign commerce."  *Id.* at 692 (quotation marks and citation omitted).  To convict

---

[1] Weaver's argument focuses on his carjacking conviction.  He maintains that, because that conviction cannot stand, his convictions on the related gun charges must also be reversed.  Weaver does not separately challenge the sufficiency of the evidence to support his Section 924(c) or Section 922(g) convictions.  Because his challenge to the sufficiency of the evidence to support the aiding and abetting carjacking conviction fails for the reasons stated herein, we do not separately address the sufficiency of the evidence to support his convictions under Sections 924(c) and 922(g).

Weaver of aiding and abetting a crime under Section 2, "the Government must prove (1) that [he] associated with the criminal venture, (2) participated in the venture, and (3) sought by action to make the venture succeed." *United States v. Sorrells*, 145 F.3d 744, 753 (5th Cir. 1998) (quotation marks and citation omitted).

Viewed in the light most favorable to the Government, ample evidence supports the jury's finding Weaver guilty of aiding and abetting carjacking. There is no dispute that a carjacking occurred, and Mango's testimony established Weaver's knowing and active participation in the offense and his undertaking of acts in support. The evidence was that Weaver suggested the robbery, helped create the disguises, berated Mango for hesitating when they found their potential victim, assisted in the getaway and attempt to get rid of evidence in the car, fled from the scene when discovered by police, and tried after the fact to get Mango to lie for him and take sole responsibility for the offense.

"A defendant may be convicted on the uncorroborated testimony of a coconspirator . . . unless the coconspirator's testimony is incredible" as a matter of law. *United States v. Valdez*, 453 F.3d 252, 257 (5th Cir. 2006) (brackets, quotation marks, and citation omitted). Weaver has abandoned by failing to brief any argument that Mango's testimony was incredible as a matter of law. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993). Inasmuch as he asserts that Mango's testimony should not have been believed because it was given in exchange for a more lenient sentence, the jury was presented with the fact of Mango's culpability, his guilty plea, and the possibility of a more lenient sentence and still chose to believe him; on appeal, this court may not second guess that determination. *See United States v. Guidry*, 406 F.3d 314, 318 (5th Cir. 2005).

Furthermore, Mango's testimony was corroborated by significant circumstantial evidence: (1) the victim's testimony that she saw another robber holding a gun by the gate next to her vehicle at the time of the offense and that the carjacker picked up the other man as he fled in the stolen car; (2) Weaver's presence in the vehicle following the carjacking; (3) the discovery of the victim's cellphone in Weaver's home later that morning; (4) the additional discovery in Weaver's home of a wig matching the victim's description of the one worn by the carjacker and matching the one found in the stolen vehicle at the time of Mango's arrest; (5) the further discovery in Weaver's home of a bullet matching the ones found in the firearm used in the carjacking; (6) surveillance camera footage and testimony confirming Weaver's flight from law enforcement; and (7) the letter Mango received from Weaver in prison concocting a defense, containing details concerning the offense that could have been known only by a person committing it.

To the extent Weaver relies on his own testimony as establishing his innocence, the jury clearly discredited it. This court will not review that determination, as credibility was for the jurors to decide. *United States v. Chon*, 713 F.3d 812, 818 (5th Cir. 2013). To the extent he contends the circumstantial evidence equally supported his innocence and that jury must therefore have had a reasonable doubt as to his guilt, the argument is unpersuasive.

AFFIRMED.